**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERCONTINENTAL MFG. CO., INC., BERGMAN MANUFACTURING COMPANY, Respondent.**

No. 73–1744
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1973.

Elliott Moore, Acting Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Elmer P. Davis, Director, Region 16, N. L. R. B., Fort Worth, Tex., for petitioner.

Allen P. Schoolfield, Jr., John M. Weissert, Dallas, Tex., for respondent.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

In this case, the National Labor Relations Board, pursuant to section 10(e) of the National Labor Relations Act,[1] has applied for enforcement of its Order issued on February 7, 1973, against Intercontinental Manufacturing Company, Inc., Bergman Manufacturing Company (hereinafter "Company"). Although the record reveals conflicting evidence, we are of the opinion that the Board's Order should be enforced.

Since 1962, employee Troy Hill had been active in the numerous unsuccessful attempts of the International Association of Machinist and Aerospace Workers, AFL–CIO (hereinafter "Union"), to organize the Company plant. On February 9, 1972, the Union won a representation election. During this last Union campaign, Hill was very active in soliciting signatures to authorization cards, talking on numerous occasions to all or almost all of the employees in the plant, serving on Union committees, and holding one or two group question-and-answer sessions. The evidence shows that these activities were well known to various management officials.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 29 U.S.C. § 151 et seq.

On one occasion during the course of this last campaign, Hill was summoned to a Company office and briefly questioned by his department supervisor about his Union sympathies. On February 10, 1972, the day following the Union's victory in the representation election, Hill was told that he was being laid off, ostensibly as part of a general layoff policy of the Company. Hill's work for the Company ceased as of February 14, 1972.

The Board affirmed the two basic findings of the Administrative Law Judge: that the Company violated section 8(a)(3) and (1) of the Act by manipulating the classifications of its layoff policy in order to eliminate Hill from its employ because of his membership and activities on behalf of the Union, see N.L.R.B. v. WTVJ, Inc., 5 Cir., 1959, 268 F.2d 346; and that the questioning of Hill in a private office by a high supervisory official of the Company was intentionally coercive and consequently in violation of section 8(a)(1) of the Act, see N.L.R.B. v. Varo, Inc., 5 Cir., 1970, 425 F.2d 293, 298; N.L.R.B. v. Camco, Inc., 5 Cir., 340 F.2d 803, cert. denied, 382 U.S. 926, 86 S.Ct. 313, 15 L. Ed.2d 339 (1965). The Board's Order requires that the Company offer Hill immediate and full reinstatement and make him whole for any loss of pay he may have suffered as a result of the discrimination against him.

After a careful review of the evidence adduced at the hearing before the Administrative Law Judge, we are convinced that the Board's Order is supported by substantial evidence on the record as a whole and should, therefore, be enforced in all respects. See N.L.R.B. v. Walton Mfg. Co., 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829 (1962); United States Rubber Co. v. N.L.R.B., 5 Cir., 1967, 384 F.2d 660, 663.

Enforced.